UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHILACY P. JOHNSON | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE: |
| BRINKER LOUISIANA, INC. DBA CHILI'S GRILL & BAR | MAGISTRATE JUDGE: |

*********************************************************************************

## NOTICE OF REMOVAL

Defendant, Brinker Louisiana Inc. dba Chili's Grill & Bar (hereinafter "Defendant") hereby removes the action captioned "*Shilacy P. Johnson v. Brinker Louisiana, Inc. dba Chili's Grill & Bar*" bearing docket number C-2022-0000139, Division "D", on the docket of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this notice of removal, Defendant pleads the following grounds:

I.

On January 18, 2022, this civil action was electronically filed by Plaintiff, Shilacy P. Johnson ("Plaintiff"), in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing docket number C-2022-0000139, Division "D" and captioned "*Shilacy P. Johnson v. Brinker Louisiana, Inc. dba Chili's Grill & Bar*" (Petition). *See* Declaration of Counsel, attached hereto as **Exhibit A** and Petition for Damages, attached hereto as **Exhibit B**.

II.

On information and belief, Plaintiff was at the time of the filing of this action, and still is, a resident, domiciliary, and citizen of the State of Louisiana. *See* **Exhibit B**, Petition for Damages.

III.

Brinker Louisiana, Inc., is a Virginia corporation with a principal place of business is in

Dallas, Texas. As such, Brinker is a citizen of the States of Virginia and Texas. *See* **Exhibit A**, Declaration of Counsel.

IV.

The Petition and Citation were served on Brinker Louisiana, Inc. on February 1, 2022. *See* **Exhibit A**, Declaration of Counsel.

V.

No other defendants have been named in the suit, aside from Brinker Louisiana, Inc., and therefore, the consent of other defendants is not required pursuant to 28 U.S.C. § 1446(b)(2).

VI.

In Plaintiff's Petition, it is alleged that Plaintiff was a patron at Chili's Bar & Grill restaurant, when she ate "food which caused a reaction." *See* **Exhibit B**, Petition for Damages, ¶ 2. Plaintiff claims generally that she is entitled to recover damages for injuries incurred as a result of this incident and alleges that her damages were caused by the negligence of Brinker Louisiana, Inc. *See generally,* **Exhibit B**, Petition for Damages.

VII.

On the face of the Petition, Plaintiff specifically alleges that her "claims exceed $75,000." *See* **Exhibit B**, Petition for Damages ¶ 10. Moreover, in the Petition, Plaintiff generally alleges that as a result of the incident, she sustained non-exclusive damages including past, present, and future medical expenses; past, present and future physical pain and suffering and bodily injury; past, present and future loss of enjoyment of life; past, present and future permanent injuries and disability; past, present and future diminution of income earning capacity; past, present and future loss of society; past, present and future mental anguish, and other such damages as may be proven at trial. *See* **Exhibit B**, Petition for Damages, ¶ 8.

VIII.

While Louisiana law does not allow a plaintiff to plead a specific amount of damages, plaintiffs are permitted to make a "general allegation that a claim exceeds or is less than" a particular amount. *See* La. Code Civ. Pro. Art. 893. This Court is clear that "when the plaintiff alleges a damage figure in excess of the required amount in controversy, that amount controls if made in good faith." *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir. 8/29/95); accord. *Barnes v. Progressive Paloverde Ins. Co.*, No. 16-817-BAJ-EWD (M.D. La. Feb. 17, 2017), 2017 WL 1856285, *report and recommendation adopted*, 2017 WL 1854995 (M.D. La. May 8, 2017) (denying remand and finding that the amount in controversy was satisfied where the plaintiff's amended petition alleged that damages exceeded $75,000); *see also Adriatic, Inc. v. W. Geophysical Co.*, No. 96-1050 (E.D. La. July 26, 1996); 1996 WL 426570 (denying motion to remand finding that plaintiff's demand for trial by jury satisfied the $50,000 amount in controversy). Thus, where the Plaintiff alleges a specific amount in controversy, that amount controls, and the inquiry into amount in controversy is satisfied. *Allen*, 64 F.3d at 1335. Therefore, Plaintiff's allegations that her "claims exceed $75,000" satisfy the amount in controversy as required by law. *See* **Exhibit B**, Petition for Damages ¶ 10.

IX.

Defendant was first placed on notice that the amount in controversy exceeds $75,000, on February 1, 2022, upon service of Plaintiff's Petition with the allegation of damages exceeding the amount in controversy incorporated therein. *See* **Exhibit A**, Declaration of Counsel.

X.

This is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332 and § 1367(a) and is thus removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, et seq., because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XI.

In compliance with the requirements of 28 U.S.C. § 1446(b)(3), this notice of removal is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

XV.

In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Brinker is attached hereto. *See* **Exhibit B**, Petition for Damages.

XVI.

In compliance with 28 U.S.C. §1446 (d), Defendant hereby certifies that notice of removal is being served to all adverse parties, and to the Clerk of Court of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

XVI.

Defendant does not, through the filing of the instant Notice of Removal, waive any defenses, affirmative or otherwise, and expressly expresses an intent to retain and raise any and all available objections, defenses, and responses to the Petition for Damages.

**WHEREFORE**, Defendant, Brinker Louisiana, Inc. dba Chili's Grill & Bar, prays that this case be removed from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

**[SIGNATURE BLOCK TO FOLLOW ON NEXT PAGE]**

Respectfully submitted,

*/s/ Alexandra E. Celio*
Benjamin R. Grau (Bar No. 26307)
Megan S. Peterson (Bar No. 34026)
Alexandra E. Celio (Bar No. 38695)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone: (504) 569-2030
Facsimile: (504) 569-2999
E-Mail: beng@spsr-law.com
meganp@spsr-law.com
alexandrac@spsr-law.com
**Attorneys for Defendant, Brinker Louisiana, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or through facsimile or U.S. Mail, postage paid.

This 2nd day of March, 2022.

*/s/ Alexandra E. Celio*