UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHILACY P. JOHNSON | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE: |
| BRINKER LOUISIANA, INC. DBA CHILI'S GRILL & BAR | MAGISTRATE JUDGE: |

**********************************************************************

STATE OF LOUISIANA

PARISH OF ORLEANS

### **DECLARATION OF ALEXANDRA E. CELIO**

COMES NOW, **ALEXANDRA E. CELIO,** who under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am over the age of 18 and have no disabilities that would prevent me from giving this Declaration. I have personal knowledge of the facts stated in this Declaration, and they are true and correct.

2. I am counsel for defendant, Brinker Louisiana, Inc. dba Chili's Grill & Bar.

3. On January 18, 2022, this civil action was filed by Plaintiff, Shilacy P. Johnson ("Plaintiff"), in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing docket number C-2022-0000139, Division "D" and captioned *"Shilacy P. Johnson v. Brinker Louisiana, Inc. dba Chili's Grill & Bar"* (Petition). *See* Petition for Damages, attached as **Exhibit B**.

4. Complete diversity exists because, on information and belief, Plaintiff was at the time of the filing of this action, and still is, a resident and domiciliary of the State of Louisiana;

and the sole defendant, Brinker Louisiana, Inc., is a Virginia corporation with a principal place of business is in Dallas, Texas.

5. The Petition and Citation were served Brinker Louisiana, Inc. on February 1, 2022.

6. In Plaintiff's Petition, it is alleged that Plaintiff was a patron at Chili's Bar & Grill restaurant in Lafayette, Louisiana, when she ate the food which caused a reaction. *See* **Exhibit B**, Petition for Damages, ¶ 2.

7. On the face of the Petition, Plaintiff specifically alleges that her "claims exceed $75,000." *See* **Exhibit B**, Petition for Damages ¶ 10.

8. Moreover, in the Petition, Plaintiff generally alleges that as a result of the incident, she sustained non-exclusive damages including past, present, and future medical expenses; past, present and future physical pain and suffering and bodily injury; past, present and future loss of enjoyment of life; past, present and future permanent injuries and disability; past, present and future diminution of income earning capacity; past, present and future loss of society; past, present and future mental anguish, and other such damages as may be proven at trial. *See* **Exhibit B**, Petition for Damages, ¶ 8.

9. Defendant was first placed on notice that the amount in controversy exceeds $75,000, on February 1, 2022, when the undersigned received Plaintiff's Petition with the allegation of damages incorporated therein.

10. The instant removal is proper because the case is between citizens of different states, removed within 30 days of service of the Petition setting forth an amount in controversy in excess of $75,000.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2022.

_____