UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHILACY P. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-531** |
| **BRINKER LOUISIANA, INC.** | **SECTION: H** |

## ORDER AND REASONS

Before the Court is Defendant Brinker Louisiana, Inc.'s Motion to Dismiss (Doc. 5). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case arises out of an instance of food poisoning. Plaintiff Shilacy P. Johnson alleges that on December 21, 2021, she ordered food from Defendant Brinker Louisiana, Inc. d/b/a Chili's Grill & Bar and suffered an adverse reaction after eating it. On January 18, 2022, Plaintiff filed suit in the 21st Judicial District Court for the Parish of Tangipahoa, claiming that Defendant's negligence caused her food poisoning and associated injuries. Thereafter, Defendant removed the suit to this Court on the basis of diversity jurisdiction.

Now before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiff's claim has prescribed. Plaintiff missed the deadline for opposing this Motion.

1

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] However, the Court need not accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[7]

## LAW AND ANALYSIS

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."[8] "In diversity cases, of course,

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[7] *Lormand*, 565 F.3d at 255–57.
[8] Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

2

federal courts apply state statutes of limitations and related state law governing tolling of the limitation period."[9] In Louisiana, "[d]elictual actions are subject to a liberative prescription of one year," which "commences to run from the day injury or damage is sustained."[10]

Here, Defendant presents evidence that the date on which Plaintiff purchased and ate Defendant's food was December 21, 2020, rather than December 21, 2021, as Plaintiff initially alleged. Plaintiff's discovery requests identify the alleged contaminated food as shrimp pasta and seek information regarding "the accident on December 21, 2020."[11] Further, a receipt from Defendant's business dated December 21, 2020 includes shrimp pasta as one of the listed sales items.[12] Under Rule 12(b)(6), "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[13] Additionally, "a district court may take into account . . . items appearing in the record of the case."[14] Accordingly, the Court finds that Plaintiff suffered her injuries on December 21, 2020, meaning her claim was prescribed by the time she filed suit on January 18, 2022.

Plaintiff missed the deadline to oppose Defendant's Motion and failed to provide good cause for this oversight in her Motion for Leave to File Out of

---

[9] Hensgens v. Deere & Co., 869 F.2d 879, 880 (5th Cir. 1989).
[10] LA. CIV. CODE art. 3492.
[11] Doc. 5-4 at 1.
[12] *See* Doc. 5-3.
[13] Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir. 2000)).
[14] Meyers v. Textron, Inc., 540 F. App'x 408, 409 (5th Cir. 2013).

Time Opposition.[15] Even considering Plaintiff's untimely Opposition, the Court nevertheless holds that her claim is prescribed. Plaintiff argues that her claim is not prescribed because of a suspension of prescription effected by Louisiana Governor John Bel Edwards's Proclamation Number 170 JBE 2021, issued in the wake of Hurricane Ida. However, this Proclamation states that "[t]he provisions of this Section shall not suspend any prescriptive, preemptive [sic], or abandonment time periods over which the Louisiana Supreme Court has suspension authority pursuant to C.C.P. arts. [sic] 562 and 3472.1."[16] In an Order dated August 31, 2021, the Louisiana Supreme Court suspended all prescriptive periods for a period of 30 days starting August 26, 2021, the day Governor Edwards declared a state of emergency because of Ida.[17] The state supreme court ordered suspension under the authority of Louisiana Civil Code article 3472.1, which provides that "[t]he right to file any pleading subject to the suspension as provided by Paragraph A of this Article shall terminate sixty days after the termination of the suspension as provided by Paragraph A of this Article."[18] The court's order suspended prescription until September 27, 2021, so the 60-day cutoff was November 26, 2021. Plaintiff could not avail herself of the suspension because she was injured in December 2021. Thus, her claim has prescribed.

---

[15] *See* Docs. 7, 11.
[16] Doc. 7-2 at 6.
[17] *See* Doc. 7-3.
[18] LA. CIV. CODE art. 3472.1 (2020) (subsequently amended by La. Sess. Law Serv. Act 469 (H.B. 389)).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 28th day of July, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**